IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AVERY SINGLETON, #R29723,<br><br>    Plaintiff,<br><br>vs.<br><br>MRS. SHOOK,<br>RYAN KLIER, and<br>J. BROOKHART,<br><br>    Defendants. | Case No. 18−cv–500−NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Avery Singleton, an inmate of the Illinois Department of Corrections currently incarcerated at Vienna Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Robinson Correctional Center ("Robinson"). In his Complaint, Plaintiff claims the defendants retaliated against him and violated his due process rights by issuing him a false disciplinary ticket and removing him from a culinary arts class, in violation of the First and Fourteenth Amendments to the United States Constitution. (Doc. 1).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

1

complaint–
  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: around January 24, 2017, Plaintiff started in the culinary arts class at Robinson. (Doc. 1, p. 15). Defendant Shook was the instructor for the class. *Id.* On January 25, 2017, Plaintiff sought help from Shook with one of his assignments, and she "got upset because [Plaintiff] was continually coming to her desk in the front of the class asking her questions about the math assignments that she did not know the answers to." *Id.* Shook told Plaintiff to "just do them" in a "very hostile manner." *Id.* After Plaintiff saw Shook and the teacher's aide talking and pointing at him, he asked the aide what Shook had said, and he replied, "Mrs. Shook said that you are needy." (Doc. 1, pp. 15-16). After

this occurred, Shook "began to single [Plaintiff] out." (Doc. 1, p. 16).

On January 26, 2017, Plaintiff "was observing the class as the senior students were prepping their food for the presentation. [He] noticed that the students did not have the scale calibrated to zero as instructed, so [he] brought it to Mrs. Shook's attention." *Id.* Shook replied that she did not need Plaintiff's input, and she told him to go elsewhere because he should not be standing by a certain door. *Id.* "All of the other students were standing there and Mrs. Shook did not say to them to leave the area." *Id.* Later, while Plaintiff was observing the senior students, Shook shouted at him that he was supposed to be washing the dishes, though Plaintiff had just finished washing them. *Id.* Shook told him to stay in the dishwashing area. *Id.*

On January 27, 2017, Plaintiff washed the dishes while all the other students were preparing for their final presentations or observing those preparing. (Doc. 1, p. 17). Once Plaintiff finished washing the dishes, Shook instructed him to set up the tables. *Id.* He followed Shook to the front of the class because he thought she was going to show him how to set the tables up. *Id.* When Shook noticed him, he told her that he did not know how to set up the tables. *Id.* She told him to ask one of his classmates and to stop following her. *Id.* When Plaintiff finished setting up the tables, he went back to the dishwashing area and proceeded to dry the dishes another inmate had washed. *Id.* Shook noticed that Plaintiff was drying the dishes and told him that he was going to wash the dishes that evening. *Id.* Plaintiff then responded that he had been washing dishes all morning and that it would not be a problem. *Id.*

Plaintiff went to Defendant Klier's office to tell him, for the second time, that Shook had been singling him out in class and making him feel uncomfortable. (Doc. 1, p. 18). On January 25, 2017, Plaintiff had written a grievance regarding the issue and had also informed Klier. *Id.* Plaintiff assumes Klier spoke to Shook about Plaintiff's complaints, because Shook held Plaintiff

after class on January 29 to discuss the issue with Plaintiff. *Id.* She told Plaintiff that she did not like being threatened with grievances. *Id.*

On February 2, 2017, Plaintiff entered the classroom in the morning to find that other students were in the kitchen running dishwater in the sink already. *Id.* Plaintiff left the room briefly, and when he returned, all of the students were sitting down. *Id.* Plaintiff noticed that there was no water in the sink in the dishwashing area, and no one had done any dishes, sterilized the tables, or signed the books for the cleaning supplies. (Doc. 1, p. 19). Plaintiff then started the dishwater, signed the supply book, filled up the buckets, and began to sterilize the tables while the other students remained seated. *Id.* Other students in the class approached Plaintiff that day and told him that Shook instructed the class not to do anything pertaining to the ordinary daily routine because she wanted to see if Plaintiff would do it. *Id.* Plaintiff believes this was in retaliation for his asking her about a math problem that she could not answer. *Id.* He also thinks that, since that day, Shook was looking "for way to kick [Plaintiff] out of her class." *Id.*

That same day, Plaintiff was preparing to write another grievance and prepping a witness statement he intended to have his classmates sign about the incident. (Doc. 1, p. 20). He also had case information of another inmate with him because he was assisting the inmate with a post-conviction motion. *Id.* Shook found out that Plaintiff was asking other students to witness that he was doing as instructed, and once class let out, she and Brookhart conspired to have Plaintiff discharged from her class. *Id.* Brookhart "went to Mrs. Shook's class; conspired with Mrs. Shook; went through [Plaintiff's] papers for no reason, and took [his] witness list, which [he] was going to file with [his] grievance." (Doc. 1, p. 21).

Brookhart then wrote a disciplinary report, stating that Plaintiff attempted to circulate a petition and possessed or solicited unauthorized personal information. *Id.* These charges were

4

based on the disciplinary report offenses of: (1) 211 - "possession or solicitation of unauthorized personal information"; (2) 601 - "aiding and abetting, attempt, solicitation, or conspiracy"; and (3) 309 - "petitions, postings, and business ventures." *Id.* Plaintiff does not believe he is guilty of any of these offenses and instead believes that Brookhart wrote them up and used them to discharge him from the culinary arts class in retaliation for his exercising his constitutional rights. *Id.*

On February 3, 2017, Plaintiff sent a request to Klier explaining that he had been discharged from Shook's culinary arts class. (Doc. 1, p. 22). Klier refused to take action regarding Plaintiff's issue and instead simply informed Shook that Plaintiff had written a grievance about her. *Id.* A few days before Plaintiff was discharged, he stopped by Klier's office to inform him that Shook was making him feel uncomfortable. *Id.* Klier "got very hostile with [Plaintiff] and asked [him] to leave his office." *Id.* Klier never responded to Plaintiff's request to rejoin Shook's class after he was discharged, so Plaintiff wrote a grievance about Klier's failure to respond. *Id.* When Klier found out about the grievance, he "retaliated against [Plaintiff] . . . and stated, 'offender cannot re-enroll in the culinary arts class.'" (Doc. 1, pp. 22-23). Klier decides who is allowed to enroll in all vocational classes. (Doc. 1, p. 23). During the grievance appeal process, Plaintiff was informed that he was restricted from enrolling in Shook's culinary arts class, per Mr. Klier, but that he could enroll in a different vocational class. *Id.*

Plaintiff seeks monetary damages from the defendants. (Doc. 1, p. 24).

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

5

designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants Shook and Brookhart retaliated against Plaintiff for filing grievances against Shook by conspiring to remove him from the culinary arts class, in violation of the First Amendment.
>
> **Count 2 –** Defendants Shook and Brookhart violated Plaintiff's due process rights by conspiring against him to issue him a false disciplinary ticket, in violation of the Fourteenth Amendment.
>
> **Count 3 –** Defendants Klier retaliated against Plaintiff for filing grievances against him by refusing to reinstate him in the culinary arts class, in violation of the First Amendment.

As discussed in more detail below, Counts 1 and 3 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## **Counts 1 and 3 – Retaliation**

To establish a claim of retaliation, a plaintiff "must show that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two." *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Here, Plaintiff's allegations suggest that Shook and Brookhart retaliated against him for filing a grievance and complaining about Shook by conspiring to issue him a disciplinary ticket to get him removed from the culinary arts class. Removal from a vocational program and receipt of a disciplinary ticket might reasonably deter protected speech. Count 1 shall therefore proceed against Brookhart and Shook. Plaintiff's allegations also suggest that Klier refused to reinstate him in the culinary arts class because Plaintiff filed a grievance against him. This also is sufficient to state a claim against Klier, so Count 3 will proceed against him.

6

## Count 2 – Due Process

Plaintiff claims that his rights were violated when Shook and Brookhart conspired to remove him from the culinary class, resulting in Brookhart writing him a disciplinary ticket on various false charges.

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974). These procedural protections include: (1) advance written notice of the charges against the inmate; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence in the inmate's defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *Id.* at 563-69; *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

In the Complaint, Plaintiff does not allege that he was deprived of the protections outlined in *Wolff*. Furthermore, no right to due process is triggered in the first place unless a protected liberty interest is at stake. Liberty interests created by a state are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Denying an inmate access to a vocational program does not impose an atypical and significant hardship on that inmate in relation to ordinary prison life. *See Barksdale v. Wall*, No. 15-CV-40, 2015 WL 4162885, at *2 (E.D. Wis. July 8, 2015). Plaintiff's primary complaint is that he was removed from the culinary arts class, which does not trigger a due process right. To the extent he

may believe he was otherwise subjected to an atypical and significant hardship as a result of the disciplinary ticket he received, he has not sufficiently alleged as much. For these reasons, Count 2 will be dismissed without prejudice.

## Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3) which is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on the defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **SHOOK** and **BROOKHART**.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **KLIER** and **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **3**, the Clerk of Court shall prepare for **SHOOK**, **BROOKHART**, and **KLIER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a defendant fails to

sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 26, 2018**

**NANCY J. ROSENSTENGEL**
**United States District Judge**