IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AVERY SINGLETON,**

      **Plaintiff,**

v.

**LISA SHOOK,**
**JAKE BROOKHART, and**
**RYAN KLIER,**

      **Defendants.**

Case No. 18-cv-00500-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Avery Singleton commenced this action pursuant to 42 U.S.C. § 1983 alleging retaliation by staff at Robinson Correctional Center in violation of his First Amendment rights. (*See* Docs. 1, 35). On December 2, 2019, the Court issued an order directing the parties to file a Notice Regarding Magistrate Judge Jurisdiction form indicating consent to proceed before a magistrate judge or an affirmative declination to consent. (Doc. 64). Singleton failed to return the form within the allotted time, and so, the Court issued another order on January 10, 2020, advising Singleton that the deadline for filing the form had passed, but granting him an additional seven days to consent or decline to consent to magistrate judge jurisdiction. Singleton was warned that failure to return the form would result in possible sanctions. (Doc. 70). Singleton, again, did not file the form with the Court.

    On January 28, 2020, the Court issued another order directing Singleton to show

cause why sanctions should not be imposed on him for failure to file the form. (Doc. 71). Singleton did not return the form or respond to the Court's directive to explain why sanctions should not be imposed. The Court issued a final order on March 19, 2020, informing Singleton that failure to file the form would result in dismissal of this action for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). (Doc. 76). As of June 10, 2020, Singleton has not requested an extension of time and continues to ignore the Court's directive by not returning the form. In fact, the Court has not heard from Singleton since November 2019. (*See* Doc. 63). Singleton has continually ignored the Court's directives and has failed to actively prosecute his claims. *See* Fed. R. Civ. P. 41(b). The Court will not allow this matter to linger indefinitely.

For these reasons, this action is **DISMISSED without prejudice**, based on Singleton's failure to comply with the Court's orders to file a Notice and Consent form and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Singleton is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Singleton wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999);

*Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Singleton may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** June 10, 2020

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**